**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDUARDO FIGUEROA NEGRON,

Plaintiff,

v. Case No. 8:26-cv-01507-MSS-NHA

MARTHA MENDEZ,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

Because the complaint does not demonstrate that the Court has the power to hear this case, and because Plaintiff failed to amend the complaint when given the opportunity to do so, I recommend the Court dismiss this case without prejudice.

## I. Background

Plaintiff Eduardo Figueroa Negron sues Martha Mendez. Doc. 1. He does not specify the legal claim he intends to assert. Plaintiff alleges that he loaned Defendant millions of dollars with which Defendant purchased a business and houses. *Id.* p. 4. Plaintiff claims Defendant never reimbursed him. *Id*. Plaintiff states that the police in San Juan, Puerto Rico have records supporting his allegations. *Id.*

Plaintiff sought to proceed in this action without paying the filing fee. Doc. 2. However, the Court found that Plaintiff failed to plead a claim over which this Court has jurisdiction, and, on May 21, 2026, denied without prejudice Plaintiff's motion to proceed without paying the filing fee for that reason. Doc. 3. The Court directed Plaintiff to file an amended complaint and amended motion to proceed in forma pauperis within 30 days. Doc. 3 p. 5. It warned, "Should Plaintiff fail to timely amend his Complaint and file an amended motion to proceed in forma pauperis, I will recommend dismissal of this action to the District Court." Doc. 3 p. 6.

Plaintiff failed to file an amended complaint and amended motion to proceed in forma pauperis, timely or otherwise.

## II. Standard of Review and Legal Authority

The federal statute that governs the right to bring a lawsuit without paying the filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915

provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks

subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, federal district courts have diversity jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Second, federal courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. Analysis

Plaintiff asserts that the Court has federal-question jurisdiction over his lawsuit. *See* Doc. 1 p. 3. Federal courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A complaint presents a federal question when it "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Here, Plaintiff does not cite any federal law under which his action arises. It appears he believes the Court has federal-question jurisdiction because relevant documents are in Puerto Rico. However, it is the cause of action—and not the location of documents—that establishes this Court's federal-question jurisdiction. Because Plaintiff has not stated a claim under federal law, he has not established the Court's federal question jurisdiction over Plaintiff's lawsuit.

Additionally, Plaintiff asserts that both he and Defendant live in Florida. Doc. 1 pp. 1–2. Plaintiff does not identify the state citizenship of either party. Thus, Plaintiff has not pleaded facts sufficient to establish the Court's diversity jurisdiction.

## IV. Conclusion

In sum, it does not appear that a federal court (as opposed to a state court) has jurisdiction over this case. Because Defendant has not yet answered, federal law allowed Plaintiff the opportunity to file an amended complaint. *Troville v. Venz*, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002) ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed. R.

Civ. P. 15.”). But, given the opportunity to amend his complaint (Doc. 3), Plaintiff failed to do so.

Because this Court appears to lack jurisdiction over this action, I recommend that the District Court dismiss this case without prejudice, terminate all pending motions, and close this case.

Submitted to the District Court on July 14, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation’s factual findings and legal conclusions. A party’s failure to file written objections waives that party’s right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.